1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| AMBER RILEY, ) | |
| ) | |
| Petitioner, ) | No. EDCV 13-1844-DMG(AJW) |
| ) | |
| v. ) | MEMORANDUM AND ORDER |
| ) | DISMISSING PETITION |
| DEBORAH K. JOHNSON, ) | WITHOUT PREJUDICE |
| ) | |
| Respondent. ) | |

On October 10, 2013, petitioner filed a petition for a writ of habeas corpus. Respondent filed a motion to dismiss the petition on February 3, 2014.

As respondent points out, the petition is subject to dismissal based upon petitioner's failure to sign it. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990) ("The district court may refuse to file, or may dismiss, an unsigned and unverified petition . . . . However, the defect is one that the district court may, if it sees fit, disregard.") (citations omitted). The signature line on the form indicates that it was signed by "Next of Friend." However, a non-attorney inmate may not "represent" petitioner. See C.D.Cal. Local

Rule 83-2.10.2.

Further, it does not appear that petitioner has exhausted her state remedies with respect to all of her claims. See 28 U.S.C. §2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."). The petition raises the following claims for relief:

1. Petitioner received ineffective assistance of trial counsel because counsel (a) failed to investigate and present defenses, including a mental defense; (b) failed to use peremptory challenges to strike two jurors; (c) did not tell petitioner that she had a right to testify; (d) failed to challenge a stipulation that affected the motion to suppress her confession; and (e) failed to call witnesses and present evidence to show that petitioner was abused by her codefendant. [Petition, Ex. B at 3-7, 11-19].

2. Petitioner's confession was involuntary and should not have been admitted against her at trial. [Petition, Ex. B at 8-11].

3. Petitioner received ineffective assistance of counsel on appeal. [Petition, Ex. B at 17-19].

4. The prosecutor presented perjured testimony. [Petition, Ex. B at 22-33].

5. Petitioner was denied her right to an impartial judge. [Petition, Ex. B at 34-35].

6. The trial court abused its discretion by placing petitioner in restraints and ordering additional security measures.

          [Petition, Ex. B at 36-37].

    7.   Cumulative errors deprived petitioner of due process. [Petition, Ex. B at 49].

It appears, however, that petitioner has exhausted only the following claims for relief:

    1.   Petitioner's confession was involuntary and should not have been admitted against her at trial. [Motion to Dismiss, Ex. A (Petition for Review filed in the California Supreme Court)].

    2.   Petitioner received ineffective assistance of counsel because her trial attorney failed to investigate and present a mental defense. [Motion to Dismiss, Ex. F (habeas petition filed in the California Supreme Court)].

    3.   The prosecutor presented perjured testimony. [Motion to Dismiss, Ex. F].[1]

Based upon these deficiencies, the petition is dismissed without prejudice. Petitioner shall file and serve an amended petition on the form provided by the Clerk within twenty-eight (28) days of the date of this order. The amended petition shall bear Case No. EDCV 13-1844-DMG(AJW) and shall be signed by petitioner.

Petitioner may choose to include in her amended petition only claims that have been exhausted (that is, only those claims she already has presented to the California Supreme Court either in her petition for review or in her petition for a writ of habeas corpus). If the petition includes only exhausted claims for relief, the Court

---

[1] In her petition for review, petitioner also included a claim that she was denied due process by the failure to permit her to be tried and sentenced as a juvenile. [Motion to Dismiss, Ex. A]. She does not raise this allegation in her federal petition.

3

will issue an order requiring respondent to file an answer to the petition.

Alternatively, petitioner may choose to allege all of her claims for relief, including those identified by the Court as unexhausted. If petitioner does so, the petition is subject to dismissal unless petitioner either demonstrates that she has, in fact, exhausted all of her claims for relief or obtains a stay of these proceedings so that she may return to state court to exhaust her remedies. See Rhines v. Weber, 544 U.S. 269, 277-278 (2005) (holding that if a habeas petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics, then the district court likely should stay a mixed petition). If petitioner requests a stay, she must file a motion together with her amended petition, and she must provide a declaration signed under penalty of perjury explaining why she has failed to exhaust her state remedies.[2]

Finally, petitioner is cautioned that failure to timely comply with this order will result in dismissal of this action without prejudice.

**It is so ordered.**

Dated: May 7, 2014

                                            Andrew J. Wistrich
                                            United States Magistrate Judge

---

[2] Without so deciding, the Court notes that petitioner may be unable to show good cause for failing to include all of her claims in her habeas petition filed in the California Supreme Court because at least some of those claims were included in an earlier petition filed in the California Court of Appeal. [Motion to Dismiss, Ex. D].